IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERT NELSON MONK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-21-ALM-KPJ |
| | § | |
| **MARTIN O'MALLEY,** | § | |
| *Commissioner of Social Security*, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Nelson Monk ("Mr. Monk") brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits ("DIB"). Having considered the briefs submitted by the parties and the administrative record, the Court recommends the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

### I.    APPLICABLE LAW

**A.    Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not

1

engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) the impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; or (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i)–(iv); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) ("The burden of proof is on the claimant for the first four steps but shifts to the agency at step five; a finding at any step that a claimant is or is not disabled ends the analysis.").

**B.     Standard of Review**

The standard of review in a social security appeal is whether the Commissioner's final decision[2] "is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling*, 36 F.3d at 434 (quoting *Villa*, 895 F.2d at 1021). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pena v. Saul*, 846 F. App'x 308, 309 (5th Cir. 2021) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)) (internal quotation marks omitted). "[I]t must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Bailey v. Saul*, 853 F. App'x 934, 935 (5th Cir. 2021) (per curiam) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam)). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 434 (quoting *Harrell*, 862 F.2d at 475). Rather, evidentiary conflicts are for the Commissioner to decide, and "if a decision is supported by substantial evidence, it must be affirmed even if there is contrary evidence." *Bailey*, 853 F. App'x at 935 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (per curiam)). However, the Court must do more than "rubber stamp" the decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner's] findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

## II.     BACKGROUND AND PROCEDURAL HISTORY

Mr. Monk was born in 1966, completed the twelfth grade, and last worked in 2020 as an operator.[3] *See* Tr. 49, 175–82. On June 4, 2020, Mr. Monk filed an application for DIB, alleging disability since May 22, 2020, due to a broken neck and pelvis and back problems. *See* Tr. 15, 176. The Social Security Administration (the "SSA") denied Mr. Monk's claim initially on May 11, 2021, and upon reconsideration on November 18, 2021. *See* Tr. 69–79. Thereafter, Mr. Monk filed a request for a hearing. *See* Tr. 96, 105. On May 11, 2022, Administrative Law Judge Susanne Cichanowicz (the "ALJ") held a hearing. *See* Tr. 28–48. The hearing was attended by Mr. Monk, his attorney, and a vocational expert ("VE"). Tr. 28.

On July 18, 2022, the ALJ issued an unfavorable decision denying Mr. Monk's claim. *See* Tr. 15–23. In her decision, the ALJ found Mr. Monk met the insured status requirements of the Social Security Act (the "Act") through December 31, 2025. Tr. 18. At step one, the ALJ found that Mr. Monk had not engaged in substantial gainful activity since May 22, 2020, his alleged onset date ("AOD"). Tr. 18. At step two, the ALJ found that Mr. Monk had the following severe impairments: obesity; cervical spine and right acetabular fracture, status post repair; and lumbar spine degenerative disc disease. Tr. 18. At step three, the ALJ found that none of Mr. Monk's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Monk's RFC. *See* Tr. 18–22. The ALJ found Mr. Monk had the RFC to:

> perform medium work . . . except the claimant can lift and carry/push and pull up to 50 pounds occasionally and 25 pounds frequently; the claimant can stand/walk for 6 hours in an 8-hour workday; he can sit for 6 hours in an 8-hour workday; he can frequently climb ramps an[d] stairs; occasionally climb ladders, ropes, and

---

[3] Documents 4-1 through 4-10 comprise the Administrative Record ("Tr."). When citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

>scaffolds; frequently balance, stoop, kneel, crouch, and crawl; he can frequently reach overhead bilaterally.

Tr. 18–19. At step four, relying primarily on the VE's testimony, the ALJ found that Mr. Monk was able to perform past relevant work as a sewer pipe cleaner and, therefore, was not disabled within the meaning of the Act. *See* Tr. 22–23. Due to this finding, the ALJ did not proceed to step five. *See* Tr. 23.

Mr. Monk requested that the Appeals Council review the ALJ's unfavorable decision. *See* Tr. 156–57. On November 16, 2022, the Appeals Council denied the request for review. *See* Tr. 1–3. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 42 U.S.C. § 405(g). Mr. Monk filed his appeal to this Court on January 10, 2023. *See* Dkt. 1.[4]

### III. ANALYSIS

On appeal, Mr. Monk raises several arguments, including that the ALJ impermissibly relied on her lay opinion—or "played doctor"—to determine his RFC. *See* Dkt. 6 at 17–18. Specifically, Mr. Monk argues that, because the ALJ found none of the medical opinion evidence of record persuasive, she necessarily relied "on her lay interpretation of the raw medical data." *Id.* Thus, Mr. Monk contends that the ALJ's RFC determination was not supported by substantial evidence. *See id.* at 18. The Commissioner responds that Mr. Monk's "characterization that the ALJ substituted her own opinion for that of a medical professional is actually the ALJ properly interpreting the medical evidence to determine [Mr. Monk's] capacity for work." *See* Dkt. 9 at 12–13. The Court agrees with Mr. Monk and concludes that the decision of the Commissioner should be reversed.

---

[4] A claimant has sixty days to file an appeal. 20 C.F.R. § 404.981. The sixty days begins running five days after the decision is mailed. *See* Tr. 2.

A.   **RFC Determination**

The RFC is an assessment of a claimant's ability to do work on a sustained basis in an ordinary work setting despite the claimant's impairments. *See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam). The RFC determination is based on "all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), including, but not limited to: medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; and work evaluations. SSR 96-8p, 1996 WL 374184, at *5. "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citations omitted). "Determining a claimant's [RFC] is the ALJ's responsibility, and [she] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam) (first citing *Ripley*, 67 F.3d at 557; and then citing *Holman v. Massanari*, 275 F.3d 43 (5th Cir. 2001)). However, "[i]n determining a claimant's RFC, an ALJ may not—without medical experts' opinions—derive the applicant's RFC solely from evidence of his claimed medical conditions." *Cary G. T. v. Comm'r, Soc. Sec. Admin.*, No. 20-cv-1948, 2022 WL 954341, at *3 (N.D. Tex. Mar. 29, 2022) (citing *Ripley*, 67 F.3d at 557). The ALJ is not allowed to rely on her "own unsupported opinion of the limitations the applicant's medical conditions might present." *Id.* (citing *Ripley*, 67 F.3d at 557). The ALJ "must be careful not to succumb to the temptation to play doctor." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (per curiam) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)).

"If an ALJ finds no medical opinion of record to be even partially persuasive, there is typically an evidentiary gap in the record between the claimant's raw medical data, impairments,

and remaining ability to work." *Miller v. Comm'r of Soc. Sec.*, No. 20-cv-194, 2021 WL 7541415, at *9 (S.D. Miss. Dec. 17, 2021) (citing *Martin v. Berryhill*, No. 19-cv-115, 2020 WL 5089390, at *3 (N.D. Miss. Aug. 28, 2020)), *R. & R. adopted*, 2022 WL 566175 (S.D. Miss. Feb. 24, 2022). Therefore, "[u]nless the remaining record 'clearly establish[es]' the effect that the claimant's condition has on her ability to work, the ALJ must fill this gap with another medical opinion." *Id.* (alteration in original) (quoting *Ripley*, 67 F.3d at 557); *see also Brian K. L. v. Comm'r of Soc. Sec.*, No. 20-cv-2810, 2022 WL 902641, at *6 (S.D. Tex. Mar. 28, 2022) ("Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." (quoting *Garcia v. Berryhill*, No. 17-cv-263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018)) (internal quotation marks omitted)).

In the present case, the ALJ noted that "[t]he medical evidence of record is quite limited and contains somewhat conflicting reports of recovery." Tr. 21. Due to the limited record, the ALJ developed Mr. Monk's RFC by reference to treatment notes—largely comprised of raw medical evidence[5]—as well as Mr. Monk's testimony at the hearing. *See, e.g.*, Tr. 19 ("At the hearing, the claimant testified that he has gotten 'a little better.'"); Tr. 20 (relying on the post-operative observation that "the claimant was 'doing well,' physical examination was normal, and the claimant demonstrated normal gait"); Tr. 20 ("Physical examinations were negative for discomfort, pain with weight bearing, ambulation, and there were no gait abnormalities."). Furthermore, as discussed below, the ALJ relied on none of the medical opinion evidence in the record.[6]

---

[5] By "raw medical evidence," the Court is "referring to evidence that does not permit 'common-sense judgments about functional capacity.'" *See Moore v. Saul*, No. 20-cv-161, 2022 WL 987735, at 2 (N.D. Miss. Mar. 31, 2022) (quoting *Minor v. Astrue*, No. 13-cv-17, 2014 WL 936438, at *6 (S.D. Miss. Mar. 10, 2014)).

[6] The Commissioner does not argue that there are other medical opinions in the record. *See* Dkt. 9. To the extent that there are, the ALJ failed to articulate whether they were persuasive. *See* 20 C.F.R. § 404.1520c(b) ("We will articulate

7

Nurse Practitioner Franco ("Nurse Franco") found that Mr. Monk could return to work with permanent activity restrictions, including restrictions to his ability to stand, kneel, squat, bend, stoop, walk, and climb. *E.g.*, Tr. 323. Nurse Franco also found that Mr. Monk could not lift more than twenty pounds and required breaks throughout the workday due to pain and discomfort. Tr. 323. The ALJ found Nurse Franco's opinions unpersuasive because they were "of limited duration," "not consistent with the overall medical evidence of record," and "not well supported" insofar as they relied on "Functional Capacity Evaluations" not found in the record. Tr. 21. Consistent with Nurse Franco's opinions, Dr. Wills assessed restrictions on Mr. Monk's ability to stand, walk, stoop, and climb. Tr. 280. Dr. Wills also found that Mr. Monk could infrequently lift more than twenty pounds and would need to lie down and be off task for half the workday due to moderately severe pain. Tr. 280. The ALJ found Dr. Wills's opinion unpersuasive because it was "not supported by any examination findings or treatment notes" and reflected pain unsupported by the other evidence in the record. Tr. 22. Finally, Dr. Hohman assessed restrictions to Mr. Monk's ability to sit, stand, walk, stoop, and climb. Tr. 231. Like Nurse Franco and Dr. Wills, Dr. Hohman found that Mr. Monk could infrequently lift more than twenty pounds. Tr. 231. The ALJ found Dr. Hohman's opinion similarly unpersuasive because it was "not well supported or consistent with the evidence." Tr. 22.

In so doing, the ALJ found that none of the medical opinion evidence was persuasive, and instead relied on uninterpreted treatment notes to develop Mr. Monk's RFC. *See* Tr. 19–20. While these treatment notes indicated that Mr. Monk was "doing well," showed "improvement," could "return to activity from a neck standpoint," had "better" pelvic strength, and that his "preoperative

---

in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). Failing to explain the persuasiveness of a medical opinion is "a legal error requiring remand." *See William T. v. Comm'r of Soc. Sec.*, No. 18-cv-55, 2020 WL 6946517, at *6 (N.D. Tex. Nov. 25, 2020) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017)).

symptoms had 'essentially' resolved," Tr. 20, they failed to indicate the "types of work" he was "capable of performing despite his condition." *See Cary G. T.*, 2022 WL 954341, at *3 (citing *Ripley*, 67 F.3d at 557). Absent a "foundational basis" regarding Mr. Monk's "ability to work," there is "insufficient evidence to support an RFC determination." *Id.* (emphasis omitted) (citing *Ripley*, 67 F.3d at 557–58). Likewise, by finding none of the medical opinion evidence "even partially persuasive," the ALJ left "an evidentiary gap in the record between the claimant's raw medical data, impairments, and remaining ability to work." *Miller*, 2021 WL 7541415, at *9 (citing *Martin*, 2020 WL 5089390, at *3); *see Sadler v. Kijakazi*, No. 21-cv-821, 2023 WL 3735578, at *6 (E.D. Tex. Feb. 26, 2023) (finding the ALJ's opinion was not supported by substantial evidence when she found all the medical opinions unpersuasive), *R. & R. adopted*, 2023 WL 8591522 (E.D. Tex. Mar. 15, 2023); *see also Coffia v. Kijakazi*, No. 22-cv-370, 2023 WL 6319351, at *6 (E.D. Tex. Aug. 21, 2023) ("Because the ALJ did not rely on any medical opinion that discussed the effects of [the claimant's] cervical impairment on her ability to work, the Court must conclude that the ALJ's RFC as to this condition was based on her own interpretation of the medical evidence in the record."), *R. & R. adopted*, 2023 WL 6300042 (E.D. Tex. Sept. 27, 2023). Thus, the ALJ's RFC determination is not supported by substantial evidence.

### B.   Prejudice

"'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)). Accordingly, the Court may not vacate the judgment unless the claimant shows he was prejudiced by the ALJ's error. *See Demarcus G. v. Kijakazi*, No. 20-cv-2103, 2021 WL 6297778, at *5 (N.D. Tex. Dec. 17, 2021) (citing *Mays*, 837 F.2d at 1364), *R. & R. adopted*, 2022 WL 60333 (N.D. Tex. Jan. 5, 2022).

Prejudice occurs when procedural errors cast doubt on the existence of substantial evidence in support of the ALJ's decision. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam).

The Court finds the ALJ's substitution of her lay opinion for that of the medical expert was not harmless error. The ALJ rejected the opinions of Nurse Franco, Dr. Wills, and Dr. Hohman—all of whom assessed more restrictions than the ALJ did in her RFC determination. Had the ALJ found one (or more) of these medical opinions to be persuasive, Mr. Monk's RFC may have been different. Furthermore, even if the ALJ found none of the medical opinions of record to be persuasive, she could have ordered a consultative examination, thereby basing Mr. Monk's RFC on medical opinion evidence. *See* 20 C.F.R. §§ 404.1519a(b), 404.1520b(b)(2)(iii). In any event, the "failure to rely on a medical opinion . . . necessarily casts doubt on the disability determination" and, quite clearly, prejudices the claimant. *See Anture P. v. Kijakazi*, No. 22-cv-2835, 2023 WL 6278914, at *6 (N.D. Tex. Sept. 6, 2023) (collecting cases), *R. & R. adopted*, 2023 WL 6277354 (N.D. Tex. Sept. 26, 2023).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

    **So ORDERED and SIGNED this 8th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE